IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELF-MAN, LLC,                          )
                                       )
                Plaintiff,             )    No.   6:13-cv-331-TC
                                       )
         v.                            )
                                       )    ORDER
                                       )
DOES 1-57,                             )
                                       )
                Defendants.            )
                                       )
_____)

COFFIN, Magistrate Judge:

Plaintiff Elf-Man, LLC filed this action on February 26, 2013, asserting copyright infringement against 180 users of various BitTorrent clients, identified only by their internet protocol (IP) addresses.    Plaintiff    alleged    defendants    collectively interconnected to illegally copy and distribute plaintiff's film

1 - ORDER

*Elf-Man.*

Plaintiff obtained permission from the court to take discovery, prior to a Rule 26 conference, allowing it to subpoena records from various internet service providers (ISPs) to discover the identities of the BitTorrent users who joined in the distribution of the pieces of the movie *Elf-Man*. The court later determined that joinder was inappropriate and that individual cases should be pursued. Consequently, all Doe defendants beyond Doe #1 were severed in this case and all outstanding subpoenas were quashed.

After filing an amended complaint naming Doe #1 only, plaintiff voluntarily dismissed this action. Doe 19 asserts that she was improperly targeted through a bad faith subpoena duces tecum and now seeks attorney fees and expenses incurred in quashing the subpoena and otherwise objecting to and asserting rights related to the subpoena. However, the court quashed the outstanding subpoenas in this action because of improper joinder. The court did not determine that the strategy of identifying infringing activity associated with a particular IP address and then seeking discovery from the ISP with respect to an action filed against a single alleged infringer would be improper. Doe's motion appears to seek redress for a strategy purportedly utilized against many potential defendants. And, while the court does not condone using the court's subpoena power to identify large swaths of

alleged infringers for purposes of seeking quick and easy settlements with no intent to litigate, Doe 19 does not demonstrate that plaintiff attempted such tactic against her or that she received a threatening letter demanding settlement.

Doe 19 argues that the subpoenas issued in this case were not consistent with the federal rules, were interposed for an improper purpose, were unreasonable, were unduly burdensome and expensive, and were issued in bad faith. Under Fed. R. civ. P. 26(g)(1)(B) an attorney making a discovery request must certify that the request, among other things, is not interposed for an improper purpose such as to harass or needless increase the cost of litigation and not unreasonably burdensome or expensive. A court must impose an appropriate sanction, including an award of fees, for violation of such certification. Moreover, under Fed. R. Civ. P. 45(c)(1) an attorney should avoid undue burden or expense for issuing and serving a subpoena on the person subject to it. The court must also sanction an attorney who fails in this regard. In addition, an attorney who unreasonably and vexatiously multiplies the proceedings may be required to pay attorney fees. 28 U.S.C. § 1927.

Doe 19 asserts that plaintiff used the pre-service discovery allowed by this court as a vehicle to attempt to extort money from numerous individuals and asserts that many of the Doe defendants did not engage in any infringing activity. However, Doe 19's

3 - ORDER

assertions of innocence do not support any sanctions for the same reason that an answer to a complaint denying liability would not, by itself, justify sanctions under Fed. R. civ. P. 11. Furthermore, Doe 19 does not demonstrate any attempts to "extort" money from her and the court is unaware of any authority for an award of attorney fees to a party who points out that some unrelated Doe defendant in a related case received a threatening letter demanding settlement pre-service. As noted above, to the extent the basis for joinder was lacking in this and other copyright cases, the court has already addressed that issue by dismissal and required filing of individual cases. The simple fact that plaintiff was unable to obtain sufficient information to identify an alleged infringer connected to an IP address without a subpoena to the ISP does not demonstrate any impropriety with regard to discovery concerning Doe 19 in this case.

Plaintiff's contacts with Doe 19's counsel demonstrate that attempts to conduct an investigation to determine Doe 19's involvement or the involvement of someone else using her IP address were offered despite Doe 19's current protests of abuse by attempting to coerce an unfair settlement. There is no showing that plaintiff attempted to coerce an unfair settlement from Doe 19. In addition, plaintiff fails to demonstrate how she was subject to an undue burden or expense by any discovery request as

she was not served with any subpoena[1] and the subpoena to the ISP was not itself improper.  Accordingly, the motion for sanctions in the form of an award of fees and costs is denied.

<u>CONCLUSION</u>

For the reasons stated above, Doe 19's motion for attorney fees and expenses (#36) is denied.

DATED this ___25th___ day of November, 2013.

_____
THOMAS M. COFFIN
United States Magistrate Judge

---

[1]The subpoena in this case went to the ISP who is required by law to notify the customer associated with the IP address that it has been served with a subpoena seeking customer information. While the purpose of the notice is to permit the customer to move to quash, if appropriate, the burden of compliance with the subpoena is on the ISP.

5 - ORDER